1 | STEPHEN YAGMAN (SBN 69737)
2 | filing@yagmanlaw.net
3 | (for court filings only)
  | YAGMAN + REICHMANN, LLP
4 | 333 Washington Boulevard
5 | Venice Beach, California 90292-5152
  | (310)452-3200
6
  | Attorneys for Plaintiffs and Class
7 | Members

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | WESTERN DIVISION

11 | **Jaime Aguirre, 6346965, Michael Almeraz, 6323658, Vanazqe Banks, 6334811, Alejandro Banuelos, 6363454, Jabari Barton, 6365940, Trevon Brooks, 6141174, Kernell Brown, 5728273, Jose Cabrera, 6316070, Samuel Cano, 6352336, Richard Casey, Anthony Collins, 6348232, 63552507, Walter Edmonds, 6344023, Timothy Gilbert, 6376270, Eriberto Guzman, 6299935, Jesus Guzman, 6319856, John Hutchins, 6352463, Tazmand Irvine, 6306101, William Jones, 6272769, Tony Lavan, 6379492, Antonio Lopez, 6413242, Victor Lopez, 6330732, Johnny Marroquin, 6333057, Patrick Mount, 6210334, Mark Munoz, 6262398, William Rains, 6374181, Oscar Ramirez, 6324395, Junior Rios, 6346889, Johnny Roldan, 6368252, Edgar Sanchez, 6243223, Trevor Shivers, 6278587, Jahleele Stanley, 6032188, Eddie Urrieta, 6405979, Christopher Wilgus, 6388970, and Michael Zinkiewitz, 6394630.**

Plaintiffs,

vs.

**Kathryn Barger, Janice Hahn, Holly Mitchell, Hilda Solis, and Ten**

**COMPLAINT**

(Damages for Deprivation of Civil Rights)

**CLASS ACTION ALLEGATIONS**

**JURY DEMAND**

1

| | |
|---|---|
| **Unknown Named Defendants,** | ) |
| Defendants. | ) |
| | ) |

## JURISDICTION AND VENUE

1. The claims made herein are asserted pursuant to the United States Constitution, and 42 U.S.C.1983, *et seq.*, and the jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 1343.

2. The acts and/or omissions complained of occurred in the Central District of California, and therefore, venue lies in this District pursuant to 28 U.S.C. 1391.

## THE PARTIES

3. The plaintiffs were within the jurisdiction of the United States of America at all times herein alleged, and were inhabitants of the United States of America.

4. Defendants all are County of Los Angeles supervisors and are the policymakers for the County of Los Angeles, with respect to jail conditions of confinement and jail detention matters.

5. The other unknown named defendants are or will be County supervisors.

6. The Unknown Named Defendants are officials and/or employees of County.

7. Each and every defendant is sued in both his/her individual/personal capacity, as well as in his/her official capacity if he/she had any policymaking duties, functions, or responsibilities with respect to the matters alleged herein.

## FACTS COMMON TO ALL COUNTS

8. Each and every allegation set forth in each and every averment of this pleading hereby is incorporated by this reference in each and every other averment and allegation of this pleading.

9. Plaintiffs were deprived of interests protected by the Constitution and/or laws of the United States of America, and each and every defendant caused, by commission, but mainly by omission, such deprivations while acting under color of law.

10. All acts and/or omissions perpetrated by each defendant, except any governmental entity defendant or any defendant only in his/her official capacity, was engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard of the rights of each plaintiff and class members.

11. Each defendant in his/her official capacity knowingly, or grossly negligently, or with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal rights, failed properly to train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to the police and with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by any plaintiff pursuant to the principles set forth in *Monell v. New York City Dept. of Social Services* and its progeny.

12. From on or about February 2022 until the present time plaintiffs were and/or are in custody in the Los Angeles County jail.

13. During their detentions in the County Jail, plaintiffs and class members were forced to sleep on and inhabit the floors and to exist in filthy and intolerable physical and mental conditions, in violation of their constitutional rights.

14. Defendants agreed and understood they would, conspired to, and illegally did continue to detain and cause plaintiffs and class members to sleep on the floors without mattresses, and defendants wrongful conduct, including failing and refusing for over 10 years to provide adequate funding to cure the intolerable jail conditions, constituted a conspiracy to accomplish the above-stated acts, and was accomplished pursuant to a long-standing policy of refusing to clean up the intolerable jail conditions, including forcing prisoners to sleep on the floor and to live in utter filth.

15. The conspiracies were carried out by defendants, who knew and who understood that the way in which persons in custody in the County jail were constitutionally intolerable.

16. Defendants are liable in their individual capacities because they promulgated, personally knew of, and personally implemented the policies that actually caused plaintiffs and class members in County custody, by knowing well that they existed and by failing and refusing to fund the jails to alleviate intolerable conditions.

17. As a direct consequence of defendants non-feasance and of these conspiracies, plaintiffs and class members were subjected to unconstitutional conditions.

18. At the time of the continuing incidents alleged in this action, set forth above, the rights of persons within the jurisdiction of the United States of America under Amendment IV to the United States Constitution to be secure in home, person, papers, and effects against unreasonable searches and/or seizures, and not to be subjected to the use of unreasonable or excessive force were in effect, and the defendants engaged in conduct, including actionable omissions, as set forth above, that violated those Fourth Amendment rights, and thereby and also violated the Fourteenth Amendment to the United States Constitution, and which also were

deliberately indifferent to plaintiffs' and class members Fourteenth Amendment rights, and, by virtue thereof, each defendant is liable to plaintiff for damages, compensatory and punitive, according to proof.

19. Also, it is alleged that there was an agreement or understanding between or among all defendants to engage in the conduct alleged herein to be wrongful, and that there was the commission of overt acts in furtherance of said conspiracies, to wit, causing and maintaining intolerable conditions in the jail.

20. The conspiracies were carried out by defendants, knowing that persons in custody would be subject to unconstitutional conditions of confinement.

21. The conspiracies were engaged in and the constitutional violations were caused by the supervisor defendants failing and refusing to exercise appropriate supervision over the Sheriff's Department, and by failing to appropriate sufficient funds so that the Sheriff would be able properly and constitutionally administer the County jail.

22. The constitutional violations were caused by defendants not properly allocating funds, in order to prevent constitutional violations.

23.-29. Reserved.

### CLASS ACTION ALLEGATIONS-1

30. Plaintiffs are members of the discrete class of persons whose defining characteristic is that its members were subjected to unconstitutional conditions of confinement at the Los Angeles County jail..

31. This class potentially contains over 10,000 members, and the class is so numerous so that joinder of all members is impracticable, and also, because only defendants know the names of all of the members of class, and defendants are the only persons who have information sufficient to identify all the members of class, it is impracticable to join all the members of the class in this action. Moreover,

plaintiffs' counsel presently represents over 40 potential class members, all of whom will opt into the class in this action if it is certified.

32. There are only common questions of fact and law with respect to all class members.

33. The claims made by the representative parties, plaintiffs, are typical of the claims of each class member.

34. The representatives of the class, plaintiffs, fairly will represent and adequately protect the interests of all class members, and will do so both vigorously and very zealously.

35. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the class, and defendants have acted and will continue to act on grounds generally applicable to every class member, and the class questions not only predominate but are the only questions that exist.

36. Therefore, this action is maintainable under F.R. Civ. P. Rule 23(a), & (b)(1)(A),(B)(1),(2), and (3).

37. It is not possible accurately to measure the size of the class.

38. The nature of the notice to be provided to class members should be as follows: defendants should be required to identify and to provide a suitable notice to all class members.

**WHEREFORE**, plaintiffs request damages, as follows, according to proof, against each defendant:

1. General damages;
2. Punitive damages;
3. Interest from the date of the wrongful conduct;
4. Costs of suit, including attorneys' fees; and,

5. Such other relief as may be warranted or is just and proper.

**DEMAND FOR JURY**

Trial by jury of all issues is demanded.

**YAGMAN + REICHMANN, LLP**

By: _/s/ Stephen Yagman_
**STEPHEN YAGMAN**