O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAIME AGUIRRE, | ) | Case No. CV 22-06676 DDP (MRWx) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| KATHRYN BARGER, ET AL., | ) ) | |
| Defendants. | ) ) | |

Presently before the court is Defendants Kathryn Barger, Janice Hahn, Holly Mitchell, and Hilda Solis' Motion to Dismiss Plaintiffs' Complaint. Having considered the submissions of the parties, the court grants the motion and adopts the following Order.

**I.  Background**

Plaintiffs are incarcerated in the Los Angeles County jail. (Complaint ¶ 12.)  Plaintiffs allege, on behalf of a putative class, that they "were forced to sleep on and inhabit the floors and to exist in filthy and intolerable physical and mental conditions." (Id. ¶ 13.)

Defendants are Los Angeles County Supervisors, responsible for policymaking with respect to jail conditions. (Compl ¶ 4.)

Plaintiffs allege that each Defendant, in her official capacity, "knowingly, grossly negligently, or with deliberate indifference . . . caused to come into being . . . the categories of wrongs" described in the Complaint. (Id. ¶ 11.)  Plaintiffs further allege that Defendants, pursuant to a "long-standing policy of refusing to clean up the intolerable jail conditions," conspired to force Plaintiffs to sleep on the floor, including by "failing and refusing for over 10 years to provide funding to cure the intolerable jail conditions." (Id. ¶ 14.)  Defendants also allege that Defendants are responsible in their individual capacities because they promulgated these policies and allowed jail conditions to persist.  (Id. ¶ 16.)

Defendants now move to dismiss the Complaint, or, in the alternative to strike portions of the Complaint and for a more definite statement.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a

statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Iqbal, 556 U.S. at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

A. Individual Liability Claims

Defendants argue first that any individual capacity claims premised upon Defendants' legislative acts are barred by absolute legislative immunity.  Indeed, "[l]ocal government officials are entitled to legislative immunity for their legislative actions." Cmty. House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 959 (9th Cir. 2010) (citing Bogan v. Scott–Harris, 523 U.S. 44, 54–55 (1998)).  Such immunity "attaches only to actions taken in the sphere of legitimate legislative activity." Kaahumanu v. Cnty. of Maui, 315 F.3d 1215, 1219 (9th Cir. 2003) (internal quotation marks omitted).  Courts employ a "functional approach," looking to the "functional nature of the act itself" to determine whether a

3

particular act is legislative, in which case immunity applies, or "administrative or executive," in which case there is no absolute immunity. Kaahumanu, 315 F.3d at 1219; see also Jones v. Allison, 9 F.4th 1136, 1140 (9th Cir. 2021).

Here, Plaintiffs assert that they are not suing Defendants for any legislative act. Opposition at 14. Nor, however, do Plaintiffs allege or contend that Defendants engaged in any administrative or executive act. Instead, Plaintiffs assert, "defendants are sought to be exposed to negative consequences for **not** performing their government duties." Id. This argument has no merit. Decisions about whether to allocate funding to the County jails fall squarely within "the sphere of legislative activity." Community House, 623 F.3d at 959; see also Kaahumanu, 315 F.3d at 1219 (listing relevant factors, including whether an act involves policy formulations and applies to the public as a whole). Indeed, this Court has rejected the very argument that County supervisors' alleged failure to provide adequate funding to the jail system falls outside the ambit of absolute legislative immunity. Thomas v. Baca, No. CV 04-008448 DDP, 2005 WL 1030247, at *3 (C.D. Cal. May 2, 2005).

Accordingly, Plaintiffs' individual liability claims are dismissed, with prejudice.[1]

B.  Monell Claims

The Complaint alleges that "[e]ach defendant in his/her official capacity knowingly, or grossly negligently, or with

---

[1] Plaintiffs' request for punitive damages is, therefore, stricken. As Plaintiffs appear to acknowledge, municipal entities are immune from punitive damages under 42 U.S.C. § 1983. Mitchell v. Dupnik, 75 F.3d 517, 527 (9th Cir. 1996).

4

deliberate indifference . . . caused to come into being, maintained, fostered, condoned, approved of, . . . ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading,. . . so that each one of them is legally responsible for all of the injuries and/or damages sustained by any plaintiff pursuant to the principles set forth in Monell v. New York City Dept. of Social Services and its progeny." (Compl. ¶ 11.)  Defendants contend that these boilerplate allegations are insufficient to plead a Monell claim. (Motion at 5.) The court agrees.

A municipality may be liable for a constitutional violation when its policy or custom inflicts the injury, even if the policy at issue is one of inaction. Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). A plaintiff alleging such a claim, however, "must show that the municipality's deliberate indifference led to its omission and that the omission caused the . . . constitutional violation." Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002) (overruled on other grounds by Castro v. Cnty. of Los Angeles, 833 F.3d 1060 (9th Cir. 2016)) "To prove deliberate indifference, the plaintiff must show that the municipality was on actual or constructive notice that its omission would likely result in a constitutional violation." Id. (citing Farmer v. Brennan, 511 U.S. 825, 841 (1994)). Furthermore, a plaintiff must show that a policy or practice "was the 'moving force' behind the constitutional violation." Gravelet-Blondin v. Shelton, 728 F.3d 1086, 1096 (9th Cir. 2013) (internal quotation

marks omitte). "To meet this requirement, the plaintiff must show both causation-in-fact and proximate causation." Id.

Here, Plaintiffs' conclusory allegations do not meet any of these requirements, and "lack any factual allegations that would separate them from the 'formulaic recitation of a [Monell] cause of action's elements.'" Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (quoting Twombly, 550 U.S. at 555.); see also AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012). Courts regularly dismiss conclusory, boilerplate Monell claims such as Plaintiffs' here. See, e.g., Segura v. City of La Mesa, No. 21CV565 JM (MDD), 2022 WL 17905529, at *6 (S.D. Cal. Dec. 23, 2022); A.B. v. City of Santa Ana, No. SACV181553DOCADS, 2019 WL 1578380, at *4 (C.D. Cal. Feb. 11, 2019); Warner v. Cnty. of San Diego, No. 10CV1057 BTM BLM, 2011 WL 662993, at *4 (S.D. Cal. Feb. 14, 2011); compare M. M. v. Cnty. of San Mateo, No. 18-CV-05396-YGR, 2019 WL 414962, at *4 (N.D. Cal. Feb. 1, 2019) (distinguishing Dougherty).

Accordingly, Plaintiffs' Monell claims are dismissed, with leave to amend.

C.  Official Capacity Claims

Plaintiffs' Complaint brings claims against all four named Defendants in their official capacities. (Complt. ¶ 11.) Plaintiffs ask that official capacity claims against any three Defendants be dismissed as duplicative and reduncant. (Mot. at 8.)

As this Court has explained, "official capacity suits . . . are generally an alternative way of pleading an action against the local government entity of which the named officer is an agent."

Rosas v. Baca, No. CV 12-00428 DDP SHX, 2012 WL 933609, at *1 (C.D. Cal. Mar. 20, 2012).  Where a plaintiff brings official capacity claims against multiple officers of the same entity, courts may dismiss the duplicative claims.  See Molina v. Diaz, No. EDCV2000518SVWAS, 2021 WL 6125847, at *10 (C.D. Cal. Dec. 28, 2021) ("Because official-capacity claims are treated as a suit against the entity, naming multiple employees of the same agency is generally duplicative and redundant."); Stewart v. Asuncion, No. CV 16-5872 JFW (AJW), 2016 WL 8735720, at *4 (C.D. Cal. Oct. 26, 2016), report and recommendation adopted, No. CV16-5872 JFW (AJW), 2016 WL 8738146 (C.D. Cal. Nov. 18, 2016) Castle v. S. Soto, No. CV 14-9848-MMM (KK), 2015 WL 13919115, at *1 (C.D. Cal. July 9, 2015); Thomas v. Baca, No. CV 04-08448 DDP(SHX), 2006 WL 132078, at *1 (C.D. Cal. Jan. 13, 2006); Caruso v. Hill, No. 120CV0084AWIEPGPC, 2021 WL 195437, at *6 (E.D. Cal. Jan. 20, 2021); see also Lara v. Cnty. of Los Angeles, No. CV 12-08469 DDP JCGX, 2013 WL 100192, at *3 (C.D. Cal. Jan. 8, 2013).

    Plaintiffs assert that requiring the dismissal of duplicative claims would require a "Sophie's choice" that might require counsel to choose one client over another.  (Opp. at 18.)  The court sees no reason why that might be necessary, given that, as explained above, an official-capacity claim against any named Defendant is, for all intents and purposes, a claim against the County. Plaintiffs' only other contention is that "attention needs to be gotten from each of the four supervisor defendants, and "it would serve a positive function to keep in all four supervisors: there is no reason to cut any of them any slack . . . ."  (Opp. at 17.)  Plaintiffs' desire to get attention from particular elected

7

officials is not sufficient to justify the maintenance of duplicative and redundant claims.[2]

**IV. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.  Plaintiffs' individual-capacity claims are dismissed with prejudice.  Plaintiffs' Monell claims and duplicative official-capacity claims are dismissed with leave to amend.  Plaintiffs shall, within fourteen days of the date of this Order, file a First Amended Complaint in conformance with this Order.[3]  Any amendments shall not exceed this scope of this Order.[4]

IT IS SO ORDERED.

Dated: April 17, 2023

DEAN D. PREGERSON
United States District Judge

---

[2] Although "it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant," no Defendant has made any such request. Luke v. Abbott, 954 F. Supp. 202, 204 (C.D. Cal. 1997).

[3] Having ordered Plaintiffs to file a First Amended Complaint, the court does not, at this juncture, reach Defendants' request for a more definite statement pursuant to Federal Rule of Procedure 12(e).

[4] The court expects counsel for all parties to work professionally, collaboratively, and in full accordance with the letter and spirit of all applicable rules of procedure, including the Local Rules.

8