O

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAIME AGUIRRE , | ) | Case No. CV 22-06676 DDP (MRWx) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER GRANTING DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT** |
| KATHRYN BARGER, ET AL., | ) ) | **[Dkt. 33]** |
| Defendants. | ) ) | |
| _____ | ) | |

Presently before the court is Defendants Kathryn Barger, Janice Hahn, Holly Mitchell, and Hilda Solis' Motion to Strike and to Dismiss Plaintiffs' First Amended Complaint (Dkt. 33). Having considered the submissions of the parties, the court grants the motion and adopts the following Order.[1]

**I. Background**

Plaintiffs initially filed a Complaint alleging, on behalf of a putative class, that while incarcerated in "the Los Angeles

---

[1] The court, preferring to decide issues on the merits where possible, has considered both of Plaintiffs' oppositions and both of Defendants' replies. (Dkts. 35, 36, 37, 39.) The court reiterates that it expects counsel for all parties to work professionally, collaboratively, and in full accordance with the letter and spirit of all applicable rules of procedure, including the Local Rules, and notes further that, thus far, counsel have not met this standard.

County jail," they "were forced to sleep on and inhabit the floors and to exist in filthy and intolerable physical and mental conditions."  (Complaint ¶¶ 12,13.)

Plaintiffs' original Complaint named Defendants Kathryn Barger, Janice Hahn, Holly Mitchell, and Hilda Solis (collectively, "Defendants") in both their official and individual capacities. (Compl. ¶¶ 11, 16.)  Defendants moved to dismiss the Complaint (Dkt. 19), and this Court granted the motion (Dkt. 26).  The court explained that Plaintiffs' individual capacity claims were barred by legislative immunity, and dismissed those claims with prejudice. (Dkt. 26 at 4.)  The court further concluded that (1) Plaintiffs' Monell claims were conclusory and (2) Plaintiffs' official capacity claims were duplicative and redundant, and dismissed those claims with leave to amend.  (Id. at 4, 6-7.)  The court explicitly stated that leave to amend was limited to the scope of the court's Order. (Id. at 8.)

Plaintiffs then timely filed the FAC (Dkt. 29.)  Defendants now contend that the FAC violates this Court's earlier Order and should be stricken, or, in the alternative, repeats the pleading deficiencies of the original Complaint and should be dismissed for the same reasons.  The court agrees.

**II. Discussion**

A. Newly-named Defendants

This Court dismissed Plaintiffs' individual capacity claims with prejudice and, accordingly, struck Plaintiffs' punitive damages claim.  (Dkt. 26 at 4 n.1)  Although the FAC does not re-allege individual and punitive damage claims against Defendants, it does allege such claims as to two entirely new Defendants: former

2

Los Angeles County Sheriff Alejandro Villanueva and current Sheriff Robert Luna.[2] (FAC ¶¶ 3, 6). Plaintiffs never, however, sought leave to amend the Complaint to add new defendants, and this Court's grant of leave to amend was limited to the scope of the issues discussed in the Order. Plaintiffs' Opposition appears to suggest that Robert Luna and Lindsey Horvath were properly added as Defendants because the FAC preserves the "right to amend to add true names of fictitiously-named defendants."[3] (Opposition at 21.)[4] Indeed, the FAC does identify "10 UNKNOWN NAMED DEFENDANTS, whose true identities presently are unknown," and alleges that these unknown names "will be replaced by their true identities when those true identities are learned." (FAC ¶ 3.) The thrust of Plaintiffs' argument, however, is not clear to the court.[5] As an initial matter, Defendants Luna and Villanueva are named in the same paragraph that also names the ten unknown defendants, and therefore cannot be included among those ten. More importantly, Plaintiffs' original Complaint gave no indication that Plaintiffs sought to name, but were unable to identify, the Los Angeles County Sheriff, past or present. Indeed, although the original Complaint did also name ten unknown Defendants, it stated that "Defendants

---

[2] The caption of the FAC also now names Lindsey Horvath as a Defendant, although Horvath is not identified or mentioned anywhere in the body of the FAC. The FAC also brings an official capacity claim against Sheriff Luna. (FAC ¶ 6.)

[3] See note 2, above.

[4] Here, and hereinafter, "Opposition" refers to Plaintiff's second opposition, at Dkt. 37.

[5] The court also notes that Plaintiffs' opposition does not accurately quote the FAC. For example, extensive excerpts, ostensibly spanning seven different paragraphs of the FAC, are in fact drawn from Plaintiffs' original Complaint. (Opp. at 15-16).

all are County of Los Angeles supervisors," and that "[t]he other unknown named defendants are or will be County supervisors." (Compl. ¶¶ 4-5.) The court therefore rejects any contention that Defendants Luna or Villanueva have been properly substituted in for previously named unknown Defendants.

Moreover, Plaintiffs present no other argument as to how the addition of new Defendants falls within the scope of this Court's leave to amend. Instead, Plaintiffs assert that "no authorization was needed because . . . a plaintiff is the master of his complaint." (Opp. at 21:8-9.) Masters though they may be, Plaintiffs are not free to simply disregard this Court's Orders, and courts regularly strike new claims that exceed the scope of leave to amend. See, e.g., Gerritsen v. Warner Bros. Ent. Inc., 116 F. Supp. 3d 1104, 1124 (C.D. Cal. 2015); Bassam v. Bank of Am., No. CV1500587MMMFFMX, 2015 WL 12697873, at *4 (C.D. Cal. Nov. 3, 2015); see also Fed. R. Civ. P. 12(f). Accordingly, all claims against newly-named Defendants are hereby stricken from the FAC.[6]

    B.   Official Capacity Claims

This Court's earlier Order explained that official capacity suits are another way of suing a governmental entity. (Dkt. 26 at 6-7.) The court therefore dismissed, with leave to amend, Plaintiffs' official capacity claims against multiple County supervisors as duplicative and redundant. (Id. at 7-8.) Nevertheless, Plaintiffs' FAC again alleges official capacity claims against several County supervisors, in clear disregard of this Court's Order. Indeed, Plaintiffs repeat, verbatim, arguments

---

[6] For the same reason, Plaintiffs' new prayer for injunctive relief is also stricken.

4

that this Court has explicitly rejected. For example, notwithstanding this Court's conclusion that "Plaintiffs' desire to get attention from particular elected officials is not sufficient to justify the maintenance of duplicative and redundant claims," Plaintiffs' opposition repeats the prior assertion that multiple official capacity claims should be allowed to proceed because "attention needs to be gotten from each of the [] supervisor defendants." (Opp. at 23:3-4.) (compare Dkt. 21 at 16:9-10 ("The attention needs to be gotten from each of the [] supervisor defendants.").) Plaintiffs' repeated, duplicative official capacity claims are hereby stricken. Fed. R. Civ. P. 12(f).

C. Monell Claims

The original Complaint alleged that "[e]ach defendant in his/her official capacity knowingly, or grossly negligently, or with deliberate indifference . . . caused to come into being, maintained, fostered, condoned, approved of, . . . ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading,. . . so that each one of them is legally responsible for all of the injuries and/or damages sustained by any plaintiff pursuant to the principles set forth in Monell v. New York City Dept. of Social Services and its progeny." (Compl. ¶ 11.) This Court dismissed the claims as conclusory, with leave to amend. (Dkt. 26 at 6.)

The FAC's Monell allegations, however, are virtually indistinguishable from those in the original Complaint. Indeed, Plaintiffs' Opposition to the instant motion, purporting to quote portions of the FAC, in fact repeats the very same allegations of

5

the <u>original</u> Complaint that this Court already found to be impermissibly conclusory.[7] (Opp. at 15-16.) Because Plaintiffs' amended <u>Monell</u> allegations do no more than repeat claims that have already been dismissed, the amended claims are stricken.[8] <u>See</u> Fed. R. Civ. P. 12(f).

**III. Conclusion**

For the reasons stated above, Defendants' Motion to Strike is GRANTED. Having stricken all of the claims in the FAC, the court grants Plaintiffs leave to amend one final time. Once again, the scope of the court's leave to amend is limited to the issues addressed in this Court's Order dismissing Plaintiffs' original Complaint. Plaintiffs are cautioned that any further amendments directly contrary to this Court's Orders may result not only in dismissal of all claims with prejudice, but in possible sanctions as well. Any Second Amended Complaint shall be filed within fourteen days of the date of this Order.

IT IS SO ORDERED.

Dated: July 28, 2023

DEAN D. PREGERSON
United States District Judge

---

[7] See note 5, above.

[8] To the extent Defendants contend that any reference to Sheriff's Department policies are "new subject matter," the court does not necessarily agree. Plaintiffs' original Complaint did include allegations, albeit conclusory ones, of Defendants' wrongful action (or inaction) "with respect to the police" and "supervision of the Sheriff's Department." (Compl. ¶¶ 11, 21.)

6